UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AXOS BANK f/k/a BOFI FEDERAL BANK, | Case No. 7:23-cv-669 |
| Plaintiff, | |
| - against - | COMPLAINT |
| RAYMOND MURPHY | |
| Defendant. | |

Plaintiff, Axos Bank f/k/a BOFI Federal Bank ("Axos" or "Plaintiff"), by its attorneys, Saiber LLC, by way of Complaint of foreclosure against Raymond Murphy, alleges as follows:

## NATURE OF THE ACTION

1. This is an action brought pursuant to New York Real Property Actions and Proceedings Law ("RPAPL"), § 1301 *et seq.*, to foreclose on a mortgage encumbering real property commonly known as 229 Kimball Terrace, Yonkers, New York 10704-3024, and known on the Tax Map of the City of Yonkers as Section 6, Block 6160 Lots 94 and 95 in the County of Westchester and State of New York (the "Premises"). The Legal Description of the Premises is annexed hereto as Exhibit "A".

## THE PARTIES

2. Plaintiff is a federally chartered savings bank, having its principal office for the transaction of business at 4350 La Jolla Village Drive, Suite 140, San Diego, California 92122. For the purposes of diversity, Plaintiff is a citizen of the State of California.

1

3. Defendant is upon information and belief, an individual resident and citizen of the State of New York, having an address at 229 Kimball Terrace, Yonkers, New York 10704-3024.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000 and the Plaintiff and Defendant are citizens of different States.

5. Venue is proper in this district under 28 U.S.C. § 1391.

## BACKGROUND

6. On or about December 17, 2014, Defendant executed and delivered to BOFI Federal Bank ("BOFI") a Note ("Note") in the original principal amount of an amount of THREE HUNDRED THOUSAND DOLLARS AND ZERO CENTS ($300,000.00), with interest thereon. A copy of the Note is annexed hereto as Exhibit "B."

7. As security for the payment of the foregoing indebtedness, Defendant executed, duly acknowledged, and delivered to MERS, as nominee for BOFI, a mortgage, dated December 17, 2014 ("Mortgage"), which was duly recorded on February 5, 2015, in the Office of the Westchester County Clerk at Control Number 543573399. A copy of the Mortgage is annexed hereto as Exhibit "C." (The Note and Mortgage are collectively referred to as the, "Loan Documents").

8. In the Loan Documents, Defendant covenanted and agreed, among other things, that in the event he failed to keep any promise or agreement contained in the Note, including the promises to pay the sums secured when due, Axos, at its option, may declare the entire principal sums immediately due and payable and that it was therein empowered to sell the Premises according to law.

9. Defendant failed to comply with terms, covenants, and conditions of the Loan Documents by failing to pay: (i) the monthly payment due under the Mortgage and Note on July 1, 2021 and all subsequent monthly payments due thereafter, and (ii) any and all late charges imposed on such overdue payments.

10. Plaintiff is the holder of the Note and Mortgage being foreclosed.

11. In order to protect its security, during the pendency of this action Axos may be compelled to pay, sums for real estate taxes, assessments, repairs, water rates, insurance premiums and other charges affecting the Premises. Axos prays that any sum or sums so paid, together with interest from the date of such payment, shall be added to Axos' claim and be deemed secured by the Mortgage and adjudged a valid lien on the Premises, and that Axos be paid such sums, together with interest thereon, out of the proceeds of the sale of the Premises.

12. Pursuant to Paragraph 7(E) of the Note, and Paragraph 22 of the Mortgage, Defendant agreed to pay all reasonable expenses incurred by Axos in enforcing its rights under the mortgages, including the reasonable attorneys' fees and costs of the action incurred by Axos.

13. No other action or proceeding has been had at law or otherwise for the recovery of the sum secured by the Mortgage, or any part thereof.

14. The Premises are subject to any state of facts an accurate survey may show, and to covenants, restrictions and easements, if any, of record affecting the Premises, and to zoning regulations and ordinances of the city in which the Premises lie.

15. In accordance with the Loan Documents, Axos sent Defendant a 30-day notice, dated December 15, 2022, notifying Mr. Murphy that he is in default, demanding payment and advising that, should he fail to cure such default within 30 days, the entire outstanding principal sum will be immediately due, payable and owing, and Axos shall proceed to commence an

action to foreclose on the Premises.  A copy of the 30-day notice is annexed hereto as Exhibit "D."

16. In accordance with RPAPL §1304, by letter dated September 13, 2022, Axos provided to Defendant a 90-day pre-foreclosure notice of the default under the Loan Documents caused by the failure to pay the monthly payments due.  Plaintiff has complied with RPAPL §1306 by filing the 90-day notice with the superintendent of the New York State Department of Financial Services.  A copy of the 90-day notice is annexed hereto as Exhibit "E."

17. Pursuant to RPAPL §1302, as amended, Plaintiff complied with Banking Law Sections 595-a, and any rules or regulations promulgated thereunder, and Banking Law 6-L or 6-M, and RPAPL section 1304, except where it is exempt from doing so.

## FIRST CAUSE OF ACTION

18. Plaintiff repeats each and every allegation set forth in paragraphs 1 through "17" as if fully set forth herein.

19. Defendant failed to cure and remains in default.

20. Axos has duly elected and does hereby elect to declare the entire principal sum secured by the Loan Documents to become immediately due and payable.

21. There is now justly due to Axos under the Mortgage, as of December 15, 2022 (i) the sum of $313,051.24, consisting of principal in the amount of $267,886.79, interest in the amount of $21,065.28, late fees in the amount of $528.80, miscellaneous fees in the amount of $7,141.96, and escrow advances of $16,428.41, plus continuing interest thereon at $52.03 per diem, at 7.25% per annum.

**WHEREFORE**, on the first cause of action, the Plaintiff demands judgment that the Defendant and all persons claiming under him, subsequent to the commencement of this action and the filing of a notice of pendency thereof, be barred and foreclosed of and from all

estate, right, title, interest, claim, lien and equity of redemption of, in and to the said Premises and each and every part and parcel thereof; that the Premises may be decreed to be sold in one parcel, according to law, subject to the terms set forth in this complaint; that the monies arising from the sale thereof may be bought into Court; that the Plaintiff may be paid the amount due on the Note and Mortgage as heretofore set forth, with interest and late charges to the time of such payment and the expenses of such sale, plus reasonable attorney's fees, together with the costs, allowances and disbursements of this action, and together with any sums from the dates incurred by Plaintiff pursuant to any term or provision of the Note and Mortgage set forth in this complaint, or to protect the lien of Plaintiff's Mortgage, together with interest upon said sums from the dates of the respective payments and advances thereof, so far as the amount of such monies properly applicable thereto will pay the same; that this Court forthwith appoint a receiver of the rents and profits of said Premises during the pendency of this action with the usual powers and duties; and that Defendant may be adjudged to pay the whole residue, or so much thereof as the Court may determine to be just and equitable, of the debt remaining unsatisfied after a sale of the Premises and the application of the proceeds pursuant to the directions contained in such judgment; and that in the event that Plaintiff possesses any other lien(s) against said Premises either by the way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's cause(s) of action set forth in this complaint but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings; that an order be entered compelling that the tenants deliver possession of the premises to Plaintiff, and damages for mesne profits; and that the Plaintiff may have such other and further relief, or both, in the Premises, as may be just and equitable.

Dated: January 26, 2023

                                        **SAIBER LLC**
                                        Attorneys for Plaintiff Axos Bank

                                        By: /s/ John M. August
                                             John August
                                        18 Columbia Turnpike, Suite 200
                                        Florham Park, NJ  07932
                                        Tel:  973-622-3333
                                        Fax:  973-622-3333
                                        Email: jaugust@saiber.com